[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-15258
Non-Argument Calendar
_____

D. C. Docket No. 03-00956-CV-CAP-1

DEKALB COUNTY SCHOOL DISTRICT,

Plaintiff-
Counter-Defendant-
Appellant,

versus

M.T.V.,
by and through his parents and
next friends C.E.V. and C.T.V.

Defendant-
Counter-Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 26, 2006)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

In this case arising under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), DeKalb County School District ("DCSD") appeals the district court's grant of M.T.V.'s motion for judgment on the administrative record. The district court affirmed the decision of an Administrative Law Judge of the State of Georgia (the "ALJ"), which required DCSD to reimburse M.T.V. for the cost of vision therapy services. We affirm the district court.

We review a district court's findings as to specific facts for clear error in IDEA cases, and a finding that an individualized education program ("IEP") provided a free appropriate public education (FAPE), which presents a mixed question of law and fact, de novo. *Sch. Bd. of Collier County, Fla. v. K.C.*, 285 F.3d 977, 982-83 (11th Cir. 2002). We must accord "due weight" to the state administrative findings. *See Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1314 & n. 5 (11th Cir. 2003). We are not to "substitute [our] own notions of educational policy for those of the school authorities which [we] review." *Cory D. ex rel. Diane D. v. Burke County Sch. Dist.*, 285 F.3d 1294, 1298 (11th Cir. 2002).

DCSD urges us to reverse the district court based on allegations that: (1)

Sharyn Freant lacked the qualifications to be an expert witness; (2) it was error to rule based upon the "possibility that M.T.V.'s vision problem might cause him unspecified educational impact at some undetermined point in the future;" and (3) the vision therapy services were not required for M.T.V. to benefit from his educational program.

At the outset, we dispose of DCSD's first two contentions, which relate to the district court's factual findings. We find that the district court's factual findings are not clearly erroneous. We agree with the district court that there is evidence in addition to Freant's testimony that supports the ALJ's findings, making it unnecessary to review whether Freant was a qualified expert witness. The district court found that the evaluative reports of Drs. Berger, Gottlieb and Dagi, and the testimony of M.T.V.'s father established by a preponderance of the evidence that: (1) M.T.V. had developed significant visual problems and (2) without the vision therapy M.T.V. received his visual problems would have become much worse and would have interfered significantly with his ability to benefit from special education.

DCSD argues for the first time on appeal that the evaluative reports of the doctors are inadmissible hearsay. We find this argument wholly without merit. In its motion for summary judgment on the administrative record, DCSD attacked the

substance of the evaluative reports, never arguing their inadmissability to the district court. "For evidence and argument to which no objection has been raised, this court reviews for plain error. For there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, (11th Cir. 2002) (internal citations omitted). DCSD has failed to convince us that the use of the evaluative reports was error, much less plain error affecting its substantial rights and "the fairness, integrity, or public reputation of judicial proceedings."

Finally, we see no reason to overturn the ALJ's legal determination that the IEP met the requirements of the IDEA, especially since the determination involves matters of educational policy. Although our review of the district court is de novo, we are cognizant of the fact that we may not "substitute [our] own notions of sound educational policy for those of the school authorities," and are required, instead, to give "due weight" to the decision of the state level review officer. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 3051, 73 L. Ed. 2d 690 (1982). The ALJ found that the IEP did not meet the substantive requirements of the IDEA. Giving due weight to the State's ALJ, we find DCSD's argument unpersuasive. The ALJ found that M.T.V.'s condition, although not yet manifesting itself in poor

4

academic performance, prevented him from receiving a FAPE under the IDEA. We will not "substitute [our] own notions of sound educational policy" for those of the state level review officer. *Id.* Accordingly we affirm the district court's grant of the motion for summary judgment in favor of M.T.V.

AFFIRMED.